1

2

3
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
4
AT TACOMA

5

6
RICHARD SHIFFLETT,

CASE NO. 3:14-cv-05391-BHS-KLS
7
                    Plaintiff,

        v.
REPORT AND RECOMMENDATION
8
CAROLYN W. COLVIN, Acting
NOTED FOR MARCH 6, 2015
Commissioner of Social Security,
9

                    Defendant.
10

11        Plaintiff has brought this matter for judicial review of defendant's denial of his

12   applications for disability insurance and supplemental security income ("SSI") benefits. This

13   matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

14   636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v.*

15   *Weber*, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the

16   undersigned submits the following Report and Recommendation for the Court's review,

17   recommending that for the reasons set forth below, defendant's decision to deny benefits be

18   reversed and this matter be remanded for further administrative proceedings.

19                        FACTUAL AND PROCEDURAL HISTORY

20        On June 21, 2011, plaintiff filed applications for disability insurance benefits ("DIB")

21   and SSI, alleging in both applications disability beginning August 1, 2008, due to his back,

22   knees, and depression. *See* Dkt. 10, Administrative Record ("AR") 20, 325. Both applications

23   were denied upon initial administrative review on September 8, 2011 and on reconsideration on

24   December 8, 2011. *See* AR 20. A hearing was held before an administrative law judge ("ALJ")

REPORT AND RECOMMENDATION - 1

1   on October 9, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a

2   vocational expert. *See* AR 39-77.

3        In a decision dated December 5, 2012, the ALJ determined plaintiff to be not disabled.

4   *See* AR 20-32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals

5   Council on March 19, 2014, making that decision the final decision of the Commissioner of

6   Social Security (the "Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481. On May

7   12, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's

8   final decision. *See* Dkt. 1. The administrative record was filed with the Court on August 11,

9   2014. *See* Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for

10  the Court's review.

11       Plaintiff argues defendant's decision to deny benefits should be reversed and remanded

12  for further administrative proceedings, because the ALJ erred: (1) by failing to properly consider

13  the state agency medical consultants; and (2) by failing to give specific and legitimate reasons

14  for rejecting the opinions of two treating physicians. Plaintiff also argues that the ALJ de facto

15  reopened plaintiff's prior applications. For the reasons set forth below, the undersigned agrees

16  the ALJ erred in rejecting the opinions of Dr. Rozenfeld, Dr. Regets, Dr. Staker, and Dr. Tartalia,

17  and therefore in determining plaintiff to be not disabled. In addition, the ALJ took actions that

18  resulted in a de facto reopening of plaintiff's prior applications. Also for the reasons set forth

19  below, the undersigned recommends that while defendant's decision to deny benefits should be

20  reversed, this matter should be remanded for further administrative proceedings.

21                                DISCUSSION

22       The determination of the Commissioner that a claimant is not disabled must be upheld by

23  the Court, if the "proper legal standards" have been applied by the Commissioner, and the

24  "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*,

1 || 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*,

2 || 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991)

3 || ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal

4 || standards were not applied in weighing the evidence and making the decision.") (citing *Brawner*

5 || *v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

6 ||      Substantial evidence is "such relevant evidence as a reasonable mind might accept as

7 || adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation

8 || omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

9 || supported by inferences reasonably drawn from the record.").  "The substantial evidence test

10 || requires that the reviewing court determine" whether the Commissioner's decision is "supported

11 || by more than a scintilla of evidence, although less than a preponderance of the evidence is

12 || required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence

13 || admits of more than one rational interpretation," the Commissioner's decision must be upheld.

14 || *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

15 || sufficient to support either outcome, we must affirm the decision actually made.") (quoting

16 || *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

17 || I.     The ALJ's Evaluation of the Medical Evidence in the Record

18 ||      The ALJ is responsible for determining credibility and resolving ambiguities and

19 || conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

20 ||

21 || [1] As the Ninth Circuit has further explained:
. . . It is immaterial that the evidence in a case would permit a different conclusion than that
which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by

22 || substantial evidence, the courts are required to accept them.  It is the function of the
[Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
not try the case de novo, neither may it abdicate its traditional function of review.  It must

23 || scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
rational.  If they are . . . they must be upheld.

24 || Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION **-** 3

1  Where the medical evidence in the record is not conclusive, "questions of credibility and

2  resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639,

3  642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v.*

4  *Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining

5  whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

6  all) and whether certain factors are relevant to discount" the opinions of medical experts "falls

7  within this responsibility." *Id.* at 603.

8       In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

9  "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

10  "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

11  stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences

12  "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may

13  draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

14  F.2d 747, 755, (9th Cir. 1989).

15       The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

16  opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

17  1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

18  only be rejected for specific and legitimate reasons that are supported by substantial evidence in

19  the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or

20  her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation

21  omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence

22  has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield*

23  *v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

24       In general, more weight is given to a treating physician's opinion than to the opinions of

1   those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need

2   not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and

3   inadequately supported by clinical findings" or "by the record as a whole." *Batson v.*

4   *Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v.*

5   *Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th

6   Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a

7   nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may

8   constitute substantial evidence if "it is consistent with other independent evidence in the record."

9   *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

10   a.      *Dr. Ellen Rozenfeld, Psy.D. and Michael Regets, Ph.D –Non-examining consultants*

11          Plaintiff first argues that the ALJ did not properly consider the opinions of state agency

12   medical consultants Dr. Ellen Rozenfeld, Psy.D. and Dr. Michael Regets, Ph.D. *See* Dkt. 12.

13   According to Social Security Ruling 96-6p, state agency medical consultants, while not

14   examining doctors, "are highly qualified physicians and psychologists who are experts in the

15   evaluation of the medical issues in disability claims under the Act." SSR 96-6p, 1996 WL

16   374180 *2. Therefore, regarding state agency medical consultants, the ALJ is "required to

17   consider as opinion evidence" their findings, and also is "required to explain in his decision the

18   weight given to such opinions." *Sawyer v. Astrue*, 303 Fed. Appx. 453, 455 (9th Cir. 2008)

19   (*citing* 20 C.F.R. § 416.927(f)(2)(i)-(ii); SSR 96-6p, 1996 WL 374180 *2). The ALJ "may reject

20   the opinion of a non-examining physician by reference to specific evidence in the medical

21   record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74

22   F.3d 967, 972 (9th Cir. 1996)); *Andrews, supra*, 53 F.3d at 1041).

23          Regarding the opinions of Dr. Rozenfeld and Dr. Regets, the ALJ found the following:

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

> State agency psychologists Ellen Rozenfeld PsyD and Michael Regets PhD opined that the claimant would be able to perform simple, routine tasks with some limited complex tasks; could engage in work activity within an average schedule and work week the majority of the time; can occasionally interact with the general public; can handle supervisory contact; can work in proximity to coworkers, but not on joint or shared tasks; and would do best in a predictable work setting where changes are routine in nature (10A, 11A). This assessment is consistent with the claimant's overall intact cognition on mental status exam, and with daily activities described above, which include using a computer for reading, watching shows, and playing video games. However, it does not adequately consider the claimant's lack of treatment for the reported depressive symptoms. I give this assessment some weight.

AR 28.

Under Social Security Ruling 96-7p, the ALJ "must not draw any inferences" about a claimant's symptoms and their functional effects from a failure to seek treatment, "without first considering any explanations" that the claimant "may provide, or other information in the case record, that may explain" that failure. SSR 96–7p, 1996 WL 374186 *7. Here, the ALJ questioned plaintiff about his lack of treatment for his back, and plaintiff testified that he had not had much treatment due to a lack of insurance. AR 51. Plaintiff also testified that he did not have the money or insurance to continue with physical therapy. AR 57. The ALJ addressed plaintiff's lack of insurance, and found that plaintiff's impairments were not as severe as he alleged because there was little evidence that plaintiff sought follow-up care though an emergency room or low-cost clinic during the time period he lacked insurance despite complaints of a high level of pain. AR 27.

The ALJ, however, did not question plaintiff regarding his lack of mental health treatment, or address in her opinion any reasons for plaintiff's lack of mental health treatment. As the record is silent as to the reason plaintiff lacked treatment for his alleged depressive symptoms, the ALJ's finding that the opinions of Dr. Rozenfeld and Dr. Regets should be

1  discredited due to plaintiff's limited mental health treatment was improper. *See Harbison v.*

2  *Colvin*, 2014 WL 3867650 *5 (W.D. Wash. Aug. 5, 2014) (the ALJ's decision to discredit a

3  physician's opinion because of the plaintiff's limited mental health treatment was improper when

4  the ALJ did not question the plaintiff about his lack of treatment or address it in the decision).

5          Plaintiff contends that the ALJ's error was harmful because Dr. Rozenfeld and Dr. Regets

6  opined that plaintiff could engage in work activity within an average schedule and work week

7  only a majority of the time. *See* Dkt. 12, p. 10. Defendant maintains that the state agency

8  opinions are not clearly inconsistent with the ALJ's findings, and thus any error is harmless. *See*

9  Dkt. 15, p. 4. "[H]armless error principles apply in the Social Security context." *Molina v.*

10 *Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-

11 prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability

12 determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir.

13 2006); *see also Molina*, 674 F.3d at 1115; *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007).

14 The determination as to whether an error is harmless requires a "case-specific application of

15 judgment" by the reviewing court, based on an examination of the record made "'without regard

16 to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119

17 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

18          "[T]he fact that the administrative law judge, had she considered the entire record, might

19 have reached the same result does not prove that her failure to consider the evidence was

20 harmless. Had she considered it carefully, she might well have reached a different conclusion."

21 *Hollingsworth v. Colvin*, 2013 WL 3328609 *4 (W.D. Wash. July 1, 2013) (quoting *Spiva v.*

22 *Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). Had the ALJ fully credited the opinions of Dr.

23 Rozenfeld and Dr. Regets, the ALJ may have included additional limitations in the RFC and in

24 the hypothetical questions posed to the vocational expert regarding plaintiff's ability to engage in

1 | work activity within an average schedule and work week. The ultimate disability decision may

2 | have changed, and thus the error is not harmless.

3 | b.      *Dr. Lynn Staker, M.D. –Examining physician*

4 |      Plaintiff maintains that the ALJ erred when she gave little weight to the opinions of

5 | examining physician Dr. Lynn Staker, M.D. *See* Dkt. 12, pp. 12-14. Dr. Staker submitted three

6 | reports dated September 2009, March 2011 and June 2012. AR 479-84, 504-08, 512-16. Plaintiff

7 | asserts that the ALJ erred in her assessment of Dr. Staker's September 2009 and June 2012

8 | opinions.

9 |      In September of 2009, Dr. Staker opined that plaintiff's overall work level was sedentary

10 | and plaintiff was limited in the areas of bending, climbing, crouching and stooping due to his

11 | degenerative disc disease and early degenerative changes of the medial compartment of his right

12 | knee. AR 480, 483. Dr. Staker found the limitations would last six months. AR 484.

13 |      The ALJ gave this assessment little weight because Dr. Staker did not review an MRI of

14 | plaintiff's knee, which showed no internal derangement or meniscal tear. AR 29. Dr. Staker

15 | noted that plaintiff needed an MRI to rule out internal derangement or a meniscal tear. AR 480.

16 | However, the record does not indicate that Dr. Staker based his limitations on a finding that

17 | plaintiff had internal derangement or a meniscal tear in his knee. *See* AR 480, 483. The ALJ fails

18 | to show how Dr. Staker's failure to review the MRI had any affect on his opinion.

19 |      The ALJ also gave little weight to this opinion because the opinion does not cover a

20 | continuous period of twelve months. AR 29. Dr. Staker estimated that the overall limitations on

21 | plaintiff's work activities would continue for six months without medical treatment. AR 484. To

22 | be disabled, plaintiff must be unable to work due to a medically determinable impairment that is

23 | expected to result in death or last at least twelve months. 20 C.F.R. §§ 404.1505, 416.905. As Dr.

24 | Staker opined that plaintiff's limitations would not last the required twelve months, the ALJ

REPORT AND RECOMMENDATION - 8

1   properly rejected Dr. Staker's opinion. This reason alone is sufficient to reject a medical opinion,

2   and thus the ALJ did not commit harmful error by rejecting Dr. Staker's opinion. *See Patnaude*

3   *v. Colvin*, 2013 WL 4718970, *4 (E.D. Wash. Sept. 3, 2013) (finding a physician's opinion that

4   limitations would not last twelve months was alone sufficient to reject the assessment).

5           In June of 2012, Dr. Staker evaluated plaintiff and found that plaintiff's major problems

6   were his weight and the swelling and edema of his lower extremities. AR 514. Dr. Staker did

7   note arthritic changes in plaintiff's knees and back. *Id*. Regarding his knees and back, Dr. Staker

8   opined that plaintiff had significant limitations in walking, standing, kneeling, bending, and

9   heavy lifting, and Dr. Staker opined that plaintiff was not employable. *Id.*

10          The ALJ first gave Dr. Staker's opinion little weight because Dr. Staker gave no clear,

11  specific functional limitations. AR 30. Dr. Staker did not check all of the boxes on the functional

12  assessment form attached to his report, but rather checked some boxes and wrote "see report".

13  AR 515-16. In his report, Dr. Staker opined that plaintiff had "significant" postural and

14  extertional limitations. AR 514. The ALJ's finding that Dr. Staker provided no "clear, specific

15  functional limitations" is contradicted by the record, and thus not supported by substantial

16  evidence.

17          The ALJ also gave little weight to Dr. Staker's June 2012 opinion because it was not

18  clear how long the swelling and pitting edema had been present, yet Dr. Staker based his opinion

19  on this diagnosis. AR 30. Dr. Staker based his opined limitations on plaintiff's back and knee

20  problems, and noted that plaintiff needed treatment for the swelling and edema. *See* AR 514. The

21  length of time the swelling and edema had been present is not probative of Dr. Staker's opinion

22  about plaintiff's limitations. This reason for rejecting Dr. Staker's June 2012 opinion is not

23  specific and legitimate and supported by substantial evidence.

24

1        In addition, the ALJ gave little weight to Dr. Staker's opinion that plaintiff is not

2   employable because the decision of whether plaintiff is disabled is reserved for the

3   Commissioner. AR 30. Plaintiff does not challenge this finding.

4        Had the ALJ fully credited the June 2012 opinion of Dr. Staker, the ALJ may have

5   included additional limitations in the RFC and in the hypothetical questions posed to the

6   vocational expert regarding the severity of plaintiff's extertional and postural limitations. The

7   ultimate disability decision may have changed, and thus the error is not harmless.

8   c.       *Dr. Clifford Tartalia, M.D. –Examining physician*

9        Plaintiff argues that the ALJ erred when she rejected the opinions of examining physician

10  Dr. Clifford Tartalia, M.D. *See* Dkt. 12, pp.14-17. Defendant concedes that the reasons given by

11  the ALJ for rejecting the opinion of Dr. Tartalia were unsupported by substantial evidence. *See*

12  Dkt. 15, pp.4-5. However, defendant maintains that any error is harmless because the ALJ

13  clearly stated her interpretation of the evidence and explained how it supported her findings. *Id.*

14  at 5-6.

15       Dr. Tartalia opined that, "in a well structured, low stress work milieu" plaintiff may have

16  the ability to perform some simple and repetitive tasks, and accept instructions from supervisors

17  and/or interact with his coworkers and the public. AR 503. Dr. Tartalia also found that plaintiff

18  would be unable to maintain regular work attendance or complete a normal workday/workweek

19  without significant interruptions, would unlikely be able to perform work activities on a

20  consistent basis without significant special or additional instruction, and would unlikely be able

21  to deal with usual workplace stressors. *Id.* Several of Dr. Tartalia's opined limitations were not

22  included in the RFC assessment. *See* AR 25.

23       As conceded by defendant, the ALJ failed to provide specific and legitimate reasons to

24  discredit Dr. Tartalia's opinion. Dr. Tartalia's opinion included limitations not contained in the

1   RFC or posed as hypothetical questions to the vocational expert. Thus, had the opinion been

2   given weight, the disability determination may have changed. As such, the error is not harmless.

3   *See Molina*, 674 F.3d at 1115.

4   II.      De facto Reopening of Plaintiff's Previous Applications

5          The Commissioner may apply administrative res judicata "to bar reconsideration of a

6   period with respect to which she has already made a determination, by declining to reopen the

7   prior application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). The Commissioner's

8   refusal to reopen a decision regarding an earlier period in general is "not subject to judicial

9   review." *Id.* This is because, once an administrative decision becomes final, the Commissioner's

10  decision to reopen a disability claim is "purely discretionary." *Taylor v. Heckler*, 765 F.2d 872,

11  877 (9th Cir. 1985). Further, since a discretionary decision is not a "final decision" within the

12  meaning of 42 U.S.C. § 405(g), the Commissioner's refusal to reopen that decision "is not a

13  'final' decision subject to judicial review." *Id.* (citations omitted).

14         One exception to the application of this doctrine is "where the Commissioner considers

15  'on the merits' the issue of the claimant's disability during the already-adjudicated period."

16  *Lester*, 81 F.3d at 827; *see also Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). If "such a de

17  facto reopening occurs, the Commissioner's decision as to the prior period is subject to judicial

18  review." *Lester*, 81 F.3d at 827. "[W]here the discussion of the merits is followed by a specific

19  conclusion that the claim is denied on res judicata grounds," though, "the decision should not be

20  interpreted as re-opening the claim and is therefore not reviewable." *Krumpelman*, 767 F.2d at

21  589 (citing *McGowen v. Harris*, 666 F.2d 60, 68 (4th Cir. 1981)).

22         Plaintiff argues that the ALJ reopened his prior applications of March 2009 and August

23  2009 because the ALJ knew of the previous applications, considered evidence from the period

24

1 │ covered by the prior applications, and accepted the August 1, 2008 alleged onset date without

2 │ comment. *See* Dkt. 12 pp. 17-18. Defendant provides no response to this argument. *See* Dkt. 15.

3 │     Plaintiff filed prior applications for disability insurance benefits and SSI alleging a

4 │ disability onset date of November 1, 2007. *See* AR 230-237. Plaintiff's applications were denied

5 │ upon initial review on May 20, 2009 and September 4, 2009, and the applications were not

6 │ appealed further. *See* AR 78-82. In her decision, the ALJ does not reference plaintiff's prior

7 │ applications or earlier alleged onset date. The ALJ discussed medical evidence from May 7,

8 │ 2009, which falls within the already adjudicated time period. *See* AR 29, 407. The ALJ also

9 │ accepted plaintiff's alleged onset date of August 1, 2008. *See* AR 20, 22. Further, the ALJ

10 │ determined plaintiff was not disabled as far back as August 1, 2008, which was well before

11 │ plaintiff's initial applications were denied. *See* AR 32.

12 │     As the record contained plaintiff's previous applications, the ALJ discussed evidence

13 │ from the previously adjudicated period, and accepted plaintiff's alleged disability onset date

14 │ beginning during a previously adjudicated period, the ALJ considered "on the merits" the issue

15 │ of plaintiff's disability during an already adjudicated period. The undersigned concludes that the

16 │ ALJ's actions were a de facto reopening, and recommends this matter be remanded to the

17 │ Commissioner for consideration of the evidence as of August 1, 2008, the alleged onset date.

18 │ III.     This Matter Should Be Remanded for Further Administrative Proceedings

19 │     The Court may remand this case "either for additional evidence and findings or to award

20 │ benefits." *Smolen*, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the

21 │ proper course, except in rare circumstances, is to remand to the agency for additional

22 │ investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations

23 │ omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is

24 │

1   unable to perform gainful employment in the national economy," that "remand for an immediate

2   award of benefits is appropriate." *Id.*

3        Benefits may be awarded where "the record has been fully developed" and "further

4   administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

5   *Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded

6   where:

7           (1) the ALJ has failed to provide legally sufficient reasons for
        rejecting [the claimant's] evidence, (2) there are no outstanding

8           issues that must be resolved before a determination of disability
        can be made, and (3) it is clear from the record that the ALJ would

9           be required to find the claimant disabled were such evidence
        credited.

10

11   *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

12   As issues still remain in regard to the medical evidence in the record concerning plaintiff's

13   functional capabilities, and thus his ability to perform other jobs existing in significant numbers

14   in the national economy, remand for further consideration of those issues is warranted.

15   CONCLUSION

16        Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

17   improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as

18   well that the Court reverse the decision to deny benefits and remand this matter for further

19   administrative proceedings in accordance with the findings contained herein.

20        Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

21   72(b), the parties shall have **fourteen (14) days** from service of this Report and

22   Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6.  Failure to file

23   objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*,

24

1   474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

2   is directed set this matter for consideration on **March 6, 2015**, as noted in the caption.

3            DATED this 18th day of February, 2015.

4

5                                                    Karen L. Strombom
                                                     United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION **-** 14